UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA A. HIGH and MILTON PICKERING, Individually, | ) ) ) | |
| Plaintiffs, | ) ) | No. |
| v. | ) ) ) | Judge |
| MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, *et al.*, | ) ) ) | Formerly Case No. 14 L 9841 Circuit Court of Cook County, Illinois |
| Defendants. | ) ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:  Dorothy Brown                          Keith A. Hebeisen
     Clerk of the Circuit Court             Sarah F. King
     Richard J. Daley Center, Room 801      Clifford Law Offices, P.C.
     50 West Washington Street              120 N. LaSalle Street, Suite 3100
     Chicago, Illinois 60602                Chicago, Illinois 60602

The United States, by its attorney, Zachary T. Fardon, United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1.      On September 19, 2014, plaintiffs Lisa High and Milton Pickering, individually,

commenced the above civil action against Charles Lampley, M.D., Marlene Green, M.D., and

others, alleging medical malpractice.  A copy of the state court complaint is attached as Exhibit

A.  For purposes of this lawsuit, Access Community Health Network is a private entity that

receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.  *See* Exhibit

B.  In addition, Charles Lampley, M.D., and Marlene Green, M.D., were acting within the scope

of their employment at the Access Community Health Network with respect to the incidents referred to in the complaint. *Id.*

2.     This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that Access Community Health Network was a private entity receiving grant money from the Public Health Service and that defendants Charles Lampley, M.D., and Marlene Green, M.D., were acting within the scope of their employment at the Access Community Health Network with respect to the incidents referred to in the complaint.  Exhibit B.

3.     This notice of removal may be filed without bond at any time before trial.  42 U.S.C. § 233(c).  Trial has not yet been had in this action.

4.     Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendants Charles Lampley, M.D., and Marlene Green, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Charles Lampley, M.D., and Marlene Green, M.D.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Peter Sullivan
    PETER SULLIVAN
    Special Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-9082
    peter.sullivan@usdoj.gov

SFK/eah

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

LISA A. HIGH and MILTON PICKERING,  )
               Plaintiffs,  )
                         )
               v.  )     No.
                         )
MOUNT SINAI HOSPITAL MEDICAL CENTER )
   OF CHICAGO, a corporation;  )
SINAI HEALTH SYSTEM, a corporation;  )
THE MOUNT SINAI COMMUNITY  )
   FOUNDATION, a corporation, d/b/a  )
   SINAI MEDICAL GROUP;  )
E. CHARLES LAMPLEY, JR., M.D.;  )
SEEMA AHMED, M.D.;  )
MOHAMMAD M. AHMED, M.D.;  )
MARLENE GREEN, M.D.; and  )
GIRIJA KUMAR, M.D.,  )
                         )
            Defendants.  )

2014L009841
CALENDAR/ROOM C
TIME 00:00
Medical Malpractice

*PLAINTIFFS DEMAND
TRIAL BY JURY*

### COMPLAINT AT LAW

### COUNT I - MEDICAL NEGLIGENCE

#### MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, SINAI HEALTH SYSTEM, THE MOUNT SINAI COMMUNITY FOUNDATION d/b/a SINAI MEDICAL GROUP, E. CHARLES LAMPLEY, JR., M.D., SEEMA AHMED, M.D., and MOHAMMAD M. AHMED, M.D.

Plaintiff, LISA A. HIGH, by her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, a corporation (hereinafter "MOUNT SINAI HOSPITAL"), SINAI HEALTH SYSTEM, a corporation, THE MOUNT SINAI COMMUNITY FOUNDATION, a corporation, d/b/a SINAI MEDICAL GROUP (hereinafter "SINAI MEDICAL GROUP"), E. CHARLES LAMPLEY, JR., M.D. (hereinafter "LAMPLEY"), SEEMA AHMED, M.D., and MOHAMMAD M. AHMED, M.D., and each of them, states as follows:

Exhibit A

1. On February 16, 2012, and at all times mentioned herein, Defendant, MOUNT SINAI HOSPITAL, was a duly licensed healthcare institution providing treatment and services to patients admitted therein.

2. On February 16, 2012, and at all times mentioned herein, Defendant, MOUNT SINAI HOSPITAL, held itself out to the community as a provider of complete obstetrical and gynecological care.

3. On February 16, 2012, and at all times mentioned herein, Defendant, SINAI MEDICAL GROUP, was a duly licensed physician group providing health services to patients through its affiliated physicians.

4. On February 16, 2012, and at all times mentioned herein, Defendant, SINAI HEALTH SYSTEM, was a duly licensed healthcare corporation providing health services to patients through a network of hospitals and medical groups, including but not limited to Defendants, MOUNT SINAI HOSPITAL and SINAI MEDICAL GROUP.

5. On February 16, 2012, and at all times mentioned herein, Defendant, LAMPLEY, was a physician duly licensed to practice medicine in the State of Illinois specializing in maternal fetal medicine.

6. On February 16, 2012, and at all times mentioned herein, Defendant, LAMPLEY, was a duly authorized actual agent and/or employee of Defendant, MOUNT SINAI HOSPITAL, acting within the scope of his agency and/or employment.

7. On February 16, 2012, and at all times mentioned herein, Defendant, LAMPLEY, was a duly authorized actual agent and employee of Defendant, SINAI MEDICAL GROUP, acting within the scope of his agency and employment.

2

Exhibit A

8.     On February 16, 2012, and at all times mentioned herein, Defendant, LAMPLEY, was a duly authorized actual agent and employee of Defendant, HEALTH SYSTEM, acting within the scope of his agency and employment.

9.     On February 16, 2012, and at all times mentioned herein, Defendant, SEEMA AHMED, M.D., was a physician temporarily licensed to practice medicine in the State of Illinois specializing in obstetrics and gynecology.

10.     On February 16, 2012, and at all times mentioned herein, Defendant, SEEMA AHMED, M.D., was a duly authorized actual agent and employee of Defendant, MOUNT SINAI HOSPITAL, acting within the scope of her agency and employment.

11.     On February 16, 2012, and at all times mentioned herein, Defendant, SEEMA AHMED, M.D., was a duly authorized actual agent and employee of Defendant, SINAI HEALTH SYSTEM, acting within the scope of her agency and employment.

12.     On February 16, 2012, and at all times mentioned herein, Defendant, MOHAMMAD M. AHMED, M.D., was a physician duly licensed to practice medicine in the State of Illinois specializing in nephrology.

13.     On February 16, 2012, and at all times mentioned herein, Defendant, MOHAMMAD M. AHMED, M.D., was a duly authorized actual agent and employee of Defendant, MOUNT SINAI HOSPITAL, acting within the scope of his agency and employment.

14.     On February 16, 2012, and at all times mentioned herein, Defendant, MOHAMMAD M. AHMED, M.D., was a duly authorized actual agent and employee of Defendant, SINAI MEDICAL GROUP, acting within the scope of his agency and employment.

Exhibit A

15.    On February 16, 2012, and at all times mentioned herein, Defendant, MOHAMMAD M. AHMED, M.D., was a duly authorized actual agent and employee of Defendant, HEALTH SYSTEM, acting within the scope of his agency and employment.

16.    On February 16, 2012, Plaintiff, LISA A. HIGH, presented to Defendant, MOUNT SINAI HOSPITAL, at 24 6/7 weeks gestation for treatment of elevated blood pressures and to rule out preeclampsia.

17.    On February 16, 2012, Plaintiff, LISA A. HIGH, was admitted to Defendant, MOUNT SINAI HOSPITAL, under the service of Defendant, LAMPLEY.

18.    On February 16, 2012, Plaintiff, LISA A. HIGH, did not choose Defendant, LAMPLEY, but relied upon Defendants, MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, to provide her complete obstetrical care.

19.    On February 16, 2012, Defendants, MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, never informed Plaintiff, LISA A. HIGH, that Defendant, LAMPLEY, was not an agent and/or employee of MOUNT SINAI HOSPITAL or SINAI HEALTH SYSTEM.

20.    On February 16, 2012, Plaintiff, LISA A. HIGH, neither knew nor should have known that Defendant, LAMPLEY was not an employee of MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM

21.    On February 16, 2012, and at all times mentioned herein, Defendant, LAMPLEY, was an apparent agent of Defendant, MOUNT SINAI HOSPITAL, acting within the scope of his apparent agency.

22.    On February 16, 2012, and at all times mentioned herein, Defendant, LAMPLEY, was an apparent agent of Defendant, SINAI HEALTH SYSTEM, acting within the scope of his apparent agency.

4

Exhibit A

Case: 1:15-cv-03527 Document #: 1 Filed: 04/22/15 Page 8 of 23 PageID #:8

23.    From February 16 thru March 4, 2012, Plaintiff, LISA A. HIGH, remained admitted to Defendant, MOUNT SINAI HOSPITAL and was treated by Defendant, LAMPLEY, with the active aid and assistance of various other agents and employees of Defendant, MOUNT SINAI HOSPITAL, including, but not limited to Defendant, SEEMA AHMED, M.D. and Sunayana Srinivasan, M.D.

24.    On February 16, 2012, Plaintiff, LISA A. HIGH, did not choose Defendant, SEEMA AHMED, M.D., but relied upon Defendant, MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, to provide her complete obstetrical care.

25.    On February 16, 2012, Defendants, MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, never informed Plaintiff, LISA A. HIGH, that Defendant, SEEMA AHMED, M.D., was not an agent and/or employee of MOUNT SINAI HOSPITAL or SINAI HEALTH SYSTEM.

26.    On February 16, 2012, Plaintiff, LISA A. HIGH, neither knew nor should have known that Defendant, SEEMA AHMED, M.D., was not an employee of MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM

27.    On February 16, 2012, and at all times mentioned herein, Defendant, SEEMA AHMED, M.D., was an apparent agent of Defendant, MOUNT SINAI HOSPITAL, acting within the scope of her apparent agency.

28.    On February 16, 2012, and at all times mentioned herein, Defendant, SEEMA AHMED, M.D., was an apparent agent of Defendant, SINAI HEALTH SYSTEM, acting within the scope of her apparent agency.

29.    On February 22, 2012, Plaintiff, LISA A. HIGH's urine culture and sensitivity reported positive for Escherichia Coli ("E.Coli") and Enterococcus Faecalis.

5

Exhibit A

30. On February 22, 2012, Plaintiff, Defendant, MOHAMMAD M. AHMED, M.D. performed a nephrology consult on Plaintiff, LISA A. HIGH.

31. On February 16, 2012, Plaintiff, LISA A. HIGH, did not choose Defendant, MOHAMMAD M. AHMED, M.D., but relied upon Defendant, MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, to provide her complete hospital care.

32. On February 16, 2012, Defendants, MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, never informed Plaintiff, LISA A. HIGH, that Defendant, MOHAMMAD M. AHMED, M.D., was not an agent and/or employee of MOUNT SINAI HOSPITAL or SINAI HEALTH SYSTEM.

33. On February 16, 2012, Plaintiff, LISA A. HIGH, neither knew nor should have known that Defendant, MOHAMMAD M. AHMED, M.D., was not an employee of MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM

34. On February 16, 2012, and at all times mentioned herein, Defendant, MOHAMMAD M. AHMED, M.D. was an apparent agent of Defendant, MOUNT SINAI HOSPITAL, acting within the scope of his apparent agency.

35. On February 16, 2012, and at all times mentioned herein, Defendant, MOHAMMAD M. AHMED, M.D., was an apparent agent of Defendant, SINAI HEALTH SYSTEM, acting within the scope of his apparent agency.

36. On March 1, 2012, Plaintiff, LISA A. HIGH, underwent an emergency C-section at Defendant, MOUNT SINAI HOSPITAL, based on her continuing high blood pressures, abnormal urine test and kidney dysfunction.

37. On March 4, 2012, Plaintiff, LISA A. HIGH, developed a maximum temperature of 100.8.

6

Exhibit A

38. On March 4, 2012, Plaintiff, LISA A. HIGH's lab results showed evidence of abnormally increased neutrophils.

39. On March 4, 2012, Plaintiff, LISA A. HIGH, was discharged from Defendant, MOUNT SINAI HOSPITAL.

40. On September 24, 2012, Plaintiff, LISA A. HIGH, presented to the emergency department at Loyola University Medical Center (hereinafter "Loyola") with dysarthria, left facial droop and left upper extremity drift, and was subsequently admitted.

41. On September 24, 2012, Plaintiff, LISA A. HIGH, underwent a chest CT, which revealed hypodensities in the left parietal and right frontal lobes, and a follow-up MRI of her brain, which reported findings suspicious for septic emboli.

42. On September 24, 2012, Plaintiff, LISA A. HIGH, was diagnosed with endocarditis and embolic stroke.

43. On September 25, 2012, Plaintiff, LISA A. HIGH, underwent a transesophageal echocardiogram ("TEE"), which revealed aortic and mitral valve vegetations.

44. On September 25, 2012, Plaintiff, LISA A. HIGH's blood cultures tested positive for Enterococcus Faecalis.

45. On September 25, 2012, Plaintiff, LISA A. HIGH, underwent an aortic valve replacement and mitral valve repair.

46. Before September 25, 2012 Plaintiff, LISA A. HIGH, neither knew nor should have known that her injury may have been wrongfully caused and this cause is brought within two years of September 25, 2012 .

47. On and before February 22, 2012, and at all times mentioned herein, Defendant, LAMPLEY, had a duty to possess and apply the knowledge and use the skill and care ordinarily

7

Exhibit A

used by reasonably well qualified physicians under similar circumstances in his care and treatment of Plaintiff, LISA A. HIGH.

48.     On and before February 22, 2012, and at all times mentioned herein, Defendant, SEEMA AHMED, M.D., had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified physicians under similar circumstances in her care and treatment of Plaintiff, LISA A. HIGH.

49.     On and before February 22, 2012, and at all times mentioned herein, Defendant, MOHAMMAD M. AHMED, M.D., had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified physicians under similar circumstances in his care and treatment of Plaintiff, LISA A. HIGH.

50.     On February 22, 2012, and thereafter, Defendant, LAMPLEY, was professionally negligent in one or more of the following ways:

a.     failed to timely identify bacterial infection in LISA A. HIGH;

b.     failed to properly treat a bacterial infection in LISA A. HIGH;

c.     failed to properly monitor LISA A. HIGH's symptoms and infection;

d.     failed to order follow-up cultures;

e.     failed to request an infectious disease consult; and

f.     failed to request a cardiac consult.

51.     On February 22, 2012, and thereafter, Defendant, SEEMA AHMED, M.D., was professionally negligent in one or more of the following ways:

a.     failed to timely identify bacterial infection in LISA A. HIGH;

b.     failed to properly treat a bacterial infection in LISA A. HIGH;

c.     failed to properly monitor LISA A. HIGH's symptoms and infection;

8

Exhibit A

    d.    failed to order follow-up cultures;

    e.    failed to request an infectious disease consult; and

    f.    failed to request a cardiac consult.

52.    On February 22, 2012, and thereafter, Defendant, MOHAMMAD M. AHMED, M.D., was professionally negligent in one or more of the following ways:

    a.    failed to timely identify bacterial infection in LISA A. HIGH;

    b.    failed to properly treat a bacterial infection in LISA A. HIGH;

    c.    failed to properly monitor LISA A. HIGH's symptoms and infection;

    d.    failed to order follow-up cultures;

    e.    failed to request an infectious disease consult; and

    f.    failed to request a cardiac consult.

53.    As a direct and proximate result of the aforesaid negligent acts or omissions, Plaintiff, LISA A. HIGH, sustained injuries of a personal and pecuniary nature.

54.    Attached to Plaintiffs' Complaint at Law is the affidavit of one of Plaintiffs' attorneys and the written physician's reports required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, LISA A. HIGH, demands judgment against Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, a corporation, SINAI HEALTH SYSTEM, a corporation, THE MOUNT SINAI COMMUNITY FOUNDATION, a corporation, d/b/a SINAI MEDICAL GROUP, E. CHARLES LAMPLEY, JR., M.D., SEEMA AHMED, M.D., and MOHAMMAD M. AHMED, M.D., and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

9

Exhibit A

## COUNT II – LOSS OF CONSORTIUM

### MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, SINAI HEALTH SYSTEM, THE MOUNT SINAI COMMUNITY FOUNDATION d/b/a SINAI MEDICAL GROUP, E. CHARLES LAMPLEY, JR., M.D.; SEEMA AHMED, M.D., and MOHAMMAD M. AHMED, M.D.

Plaintiff, MILTON PICKERING, by his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, a corporation (hereinafter "MOUNT SINAI HOSPITAL"), SINAI HEALTH SYSTEM, a corporation (hereinafter "SINAI HEALTH SYSTEM"), THE MOUNT SINAI COMMUNITY FOUNDATION, a corporation, d/b/a SINAI MEDICAL GROUP (hereinafter "SINAI MEDICAL GROUP"), E. CHARLES LAMPLEY, JR., M.D. (hereinafter "LAMPLEY"), SEEMA AHMED, M.D., and MOHAMMAD M. AHMED, M.D., and each of them, states as follows:

1-54. Plaintiff, MILTON PICKERING, re-asserts and re-alleges paragraphs 1-51 of Count I as if fully set forth herein.

55. On and before February 22, 2012, Plaintiff, MILTON PICKERING, was the wedded husband of Plaintiff, LISA A. HIGH, and as a direct and proximate result of the injuries sustained by the Plaintiff, LISA A. HIGH, Plaintiff, MILTON PICKERING, sustained injuries of a personal and pecuniary nature, including, but not limited to, loss of society, companionship, affection and consortium.

56. Attached to Plaintiffs' Complaint at Law is the affidavit of one of Plaintiffs' attorneys and the written physician's report required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

Exhibit A

WHEREFORE, Plaintiff, MILTON PICKERING, demands judgment against Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, a corporation, SINAI HEALTH SYSTEM, a corporation, THE MOUNT SINAI COMMUNITY FOUNDATION, a corporation, d/b/a SINAI MEDICAL GROUP, E. CHARLES LAMPLEY, JR., M.D., SEEMA AHMED, M.D., and MOHAMMAD M. AHMED, M.D., and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT III – MEDICAL NEGLIGENCE

### MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, SINAI HEALTH SYSTEM, THE MOUNT SINAI COMMUNITY FOUNDATION d/b/a SINAI MEDICAL GROUP, MARLENE GREEN, M.D. and GIRIJA KUMAR, M.D.

Plaintiff, LISA A. HIGH, by her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, a corporation (hereinafter "MOUNT SINAI HOSPITAL"), SINAI HEALTH SYSTEM, a corporation (hereinafter "SINAI HEALTH SYSTEM"), THE MOUNT SINAI COMMUNITY FOUNDATION, a corporation, d/b/a SINAI MEDICAL GROUP (hereinafter "SINAI MEDICAL GROUP"), MARLENE GREEN, M.D. (hereinafter "GREEN"), and GIRIJA KUMAR, M.D. (hereinafter "KUMAR"), and each of them, states as follows:

1. On March 4, 2012, Plaintiff, LISA A. HIGH, was referred to Access Community Health Network Clinic at Mount Sinai (hereinafter "Access at Sinai"), by Defendants, MOUNT SINAI HOSPITAL and SINAI HEALTH SYSYTEM, for complete follow-up care following discharge.

2. On March 4, 2012, Plaintiff, LISA A. HIGH, did not choose Access at Sinai for her follow-up care, but relied upon Defendants, MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, to provide her complete follow-up care.

11

Exhibit A

3.     From March 19, 2012 thru September 24, 2012, Plaintiff, LISA A. HIGH, was treated at Access at Sinai by Defendants, GREEN and KUMAR.

4.     On March 19, 2012, and at all times mentioned herein, Defendant, GREEN, was a physician duly licensed to practice medicine in the State of Illinois specializing in obstetrics and gynecology.

5.     On March 19, 2012, and at all times mentioned herein, Defendant, KUMAR, was a physician duly licensed to practice medicine in the State of Illinois specializing in internal medicine.

6.     On March 19, 2012, Plaintiff, LISA A. HIGH, did not choose Defendants, GREEN or KUMAR for her follow-up care, but relied upon Defendants, MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, to provide her complete follow-up care.

7.     On March 19, 2012, Defendants, MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, never informed Plaintiff, LISA A. HIGH, that Defendants, GREEN or KUMAR, were not agents and/or employees of MOUNT SINAI HOSPITAL or SINAI HEALTH SYSTEM.

8.     On March 19, 2012, and thereafter, Plaintiff, LISA A. HIGH, neither knew nor should have known that Defendants, GREEN and/or KUMAR, were not agents and/or employees of MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM

9.     On March 19, 2012, and at all times mentioned herein, Defendant, GREEN, was a duly authorized actual agent and employee of Defendant, SINAI MEDICAL GROUP, acting within the scope of his agency and employment.

Exhibit A

10. On March 19, 2012, and at all times mentioned herein, Defendant, GREEN, was the actual agent and/or employee of Defendant, MOUNT SINAI HOSPITAL, acting within the scope of his agency and/or employment.

11. On March 19, 2012, and at all times mentioned herein, Defendant, GREEN, was the actual agent and/or employee of Defendant, SINAI HEALTH SYSTEM, acting within the scope of his agency and/or employment.

12. On March 19, 2012, and at all times mentioned herein, Defendant, GREEN, was an apparent agent of Defendant, MOUNT SINAI HOSPITAL, acting within the scope of his apparent agency.

13. On March 19, 2012, and at all times mentioned herein, Defendant, GREEN, was an apparent agent of Defendant, SINAI HEALTH SYSTEM, acting within the scope of his apparent agency.

14. On March 19, 2012, and at all times mentioned herein, Defendant, KUMAR, was a duly authorized actual agent and employee of Defendant, SINAI MEDICAL GROUP, acting within the scope of his agency and employment.

15. On March 19, 2012, and at all times mentioned herein, Defendant, KUMAR was the actual agent and/or employee of Defendant, MOUNT SINAI HOSPITAL, acting within the scope of his agency and/or employment.

16. On March 19, 2012, and at all times mentioned herein, Defendant, KUMAR, was the actual agent and/or employee of Defendant, SINAI HEALTH SYSTEM, acting within the scope of his agency and/or employment.

Exhibit A

17. On March 19, 2012, and at all times mentioned herein, Defendant, KUMAR, was an apparent agent of Defendant, MOUNT SINAI HOSPITAL, acting within the scope of his apparent agency.

18. On March 19, 2012, and at all times mentioned herein, Defendant, KUMAR, was an apparent agent of Defendant, SINAI HEALTH SYSTEM, acting within the scope of his apparent agency.

19. On March 19, 2012, Plaintiff, LISA A. HIGH, presented to Access at Sinai, with fatigue, post-tussive emesis and weakness.

20. On March 19, 2012, Plaintiff, LISA A. HIGH, was seen and evaluated at Access at Sinai by a medical student under the supervision of Defendant, GREEN.

21. On April 3, 2012, Plaintiff, LISA A. HIGH, presented to Access at Sinai with symptoms of arthralgia and was seen and evaluated by a medical student under the supervision of Defendant, GREEN.

22. On April 3, 2012, Defendant, GREEN, did not order labs, cultures or a cardiovascular exam for Plaintiff, LISA A. HIGH.

23. On April 11, 2012, Plaintiff, LISA A. HIGH, presented to Access at Sinai with complaints of shortness of breath, heart palpitations and uncontrolled hypertension and was seen and evaluated by a medical student under the supervision of Defendant, KUMAR.

24. On April 11, 2012, Defendant, KUMAR, did not order labs, cultures or a cardiovascular exam for Plaintiff, LISA A. HIGH.

25. On April 25, 2012, Plaintiff, LISA A. HIGH, presented to Access at Sinai with complaints of coughing and swelling and a nine-pound weight loss and was seen and evaluated by a medical student under the supervision of Defendant, KUMAR.

14

Exhibit A

26.     On April 25, 2012, Defendant, KUMAR, did not order labs, cultures or a cardiovascular exam for Plaintiff, LISA A. HIGH.

27.     On May 23, 2012, Plaintiff, LISA A. HIGH, presented to Access at Sinai with continuing symptoms of arthralgia and was evaluated by Defendant, KUMAR.

28.     On May 23, 2012, Defendant, KUMAR, deferred performing labs on Plaintiff, LISA A. HIGH, for six months.

29.     On August 22, 2012, Plaintiff, LISA A. HIGH, presented to Access at Sinai with emesis, abdominal pain, significant weight loss of over 30 pounds in four months, episodes of repeated vomiting and stomach pain and was evaluated by Defendant, KUMAR.

30.     On August 22, 2012, Defendant, KUMAR, did not order cultures or a cardiovascular exam for Plaintiff, LISA A. HIGH.

31.     On August 23, 2012, Plaintiff, LISA A. HIGH's lab results revealed profound anemia with low hemoglobin, large ketones and low albumin as well as cloudy urine which tested positive for abnormal white blood cells and crystals.

32.     On August 23, 2012, Defendant, KUMAR, failed to inform Plaintiff, LISA A. HIGH, of these abnormal results and providing follow-up.

33.     On September 24, 2012, Plaintiff, LISA A. HIGH, presented to the emergency department of Loyola University Medical Center (hereinafter "Loyola") suffering from dysarthria, left facial droop and left upper extremity drift, and was subsequently admitted.

34.     On September 24, 2012, Plaintiff, LISA A. HIGH, underwent a chest CT, which revealed hypodensities in the left parietal and right frontal lobes, and a follow-up MRI of her brain, which reported findings suspicious for septic emboli.

15

Exhibit A

35.    On September 24, 2012, Plaintiff, LISA A. HIGH, was diagnosed with endocarditis and embolic stroke.

36.    On September 25, 2012, Plaintiff, LISA A. HIGH, underwent a transesophageal echocardiogram ("TEE"), which revealed aortic and mitral valve vegetations.

37.    On September 25, 2012, Plaintiff, LISA A. HIGH's blood cultures tested positive for Enterococcus Faecalis.

38.    On September 25, 2012, Plaintiff, LISA A. HIGH, underwent an aortic valve replacement and mitral valve repair.

39.    Before September 25, 2012 Plaintiff, LISA A. HIGH, neither knew nor should have known that her injury may have been wrongfully caused and this cause is brought within two years of September 25, 2012 .

40.    On and before March 19, 2012, and at all times mentioned herein, Defendant, GREEN, had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified physicians under similar circumstances in her care and treatment of Plaintiff, LISA A. HIGH.

41.    On and before March 19, 2012, and at all times mentioned herein, Defendant, KUMAR, had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified physicians under similar circumstances in her care and treatment of Plaintiff, LISA A. HIGH.

42.    On March 19, 2012, and thereafter, Defendant, GREEN, was professionally negligent in one or more of the following ways:

a.    failed to timely identify bacterial infection in LISA A. HIGH;

b.    failed to properly treat a bacterial infection in LISA A. HIGH;

16

Exhibit A

    c.     failed to properly monitor LISA A. HIGH's symptoms and infection;

    d.     failed to order follow-up cultures;

    e.     failed to request an infectious disease consult; and

    f.     failed to request a cardiac consult.

43.    On March 19, 2012, and thereafter, Defendant, KUMAR, was professionally negligent in one or more of the following ways:

    a.     failed to timely identify bacterial infection in LISA A. HIGH;

    b.     failed to properly treat a bacterial infection in LISA A. HIGH;

    c.     failed to properly monitor LISA A. HIGH's symptoms and infection;

    d.     failed to order follow-up cultures;

    e.     failed to request an infectious disease consult; and

    f.     failed to request a cardiac consult.

44.    As a direct and proximate result of the aforesaid negligent acts or omissions, Plaintiff, LISA A. HIGH, sustained injuries of a personal and pecuniary nature.

45.    Attached to Plaintiffs' Complaint at Law is the affidavit of one of Plaintiffs' attorneys and the written physician's report required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, LISA A. HIGH, demands judgment against Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, a corporation, SINAI HEALTH SYSTEM, a corporation, THE MOUNT SINAI COMMUNITY FOUNDATION, a corporation, d/b/a SINAI MEDICAL GROUP, MARLENE GREEN, M.D. and GIRIJA KUMAR, M.D., and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

17

Exhibit A

## COUNT IV – LOSS OF CONSORTIUM

### MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, SINAI HEALTH SYSTEM, THE MOUNT SINAI COMMUNITY FOUNDATION d/b/a SINAI MEDICAL GROUP, MARLENE GREEN, M.D. and GIRIJA KUMAR, M.D.

Plaintiff, MILTON PICKERING, by his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, a corporation (hereinafter "MOUNT SINAI HOSPITAL"), SINAI HEALTH SYSTEM, a corporation (hereinafter "SINAI HEALTH SYSTEM"), THE MOUNT SINAI COMMUNITY FOUNDATION, a corporation, d/b/a SINAI MEDICAL GROUP (hereinafter "SINAI MEDICAL GROUP"), MARLENE GREEN, M.D. (hereinafter "GREEN"), and GIRIJA KUMAR, M.D. (hereinafter "KUMAR"), and each of them, states as follows:

1-44. Plaintiff, MILTON PICKERING, re-asserts and re-alleges paragraphs 1-44 of Count III as if fully set forth herein.

45. On and before February 22, 2012, Plaintiff, MILTON PICKERING, was the wedded husband of Plaintiff, LISA A. HIGH, and as a direct and proximate result of the injuries sustained by the Plaintiff, LISA A. HIGH, Plaintiff, MILTON PICKERING, sustained injuries of a personal and pecuniary nature, including, but not limited to, loss of society, companionship, affection and consortium.

46. Attached to Plaintiffs' Complaint at Law is the affidavit of one of Plaintiffs' attorneys and the written physician's reports required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, MILTON PICKERING, demands judgment against Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, a corporation, SINAI HEALTH SYSTEM, a corporation, THE MOUNT SINAI COMMUNITY

18

Exhibit A

FOUNDATION, a corporation, d/b/a SINAI MEDICAL GROUP, MARLENE GREEN, M.D.

and GIRIJA KUMAR, M.D., and each of them, in an amount in excess of FIFTY THOUSAND

DOLLARS ($50,000.00).

_____
Attorney for Plaintiffs

Keith A. Hebeisen
Sarah F. King
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
Firm ID No. 32640

19

Exhibit A

### CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Lisa A. High and Milton Pickering v. Mount Sinai Hospital Medical Center of Chicago, et al.*, No. 14 L 9841 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Charles Lampley, M.D. and Marlene Green, M.D., were acting within the scope of their employment at the Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Charles Lampley, M.D., and Marlene Green, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

*Thomas Walsh*

THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
    for the Northern District of Illinois

Date: April 21, 2015

**Exhibit B**